KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (702) 851-2189
keren@gp-nola.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VANESSA STPIERRE, an individual, on behalf of herself and those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC, a foreign LLC,<br><br>Defendant. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff, VANESSA STPIERRE (hereinafter referred to as "PLAINTIFF") by and through undersigned attorney, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.       PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

**JURISDICTION AND VENUE**

2.     The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 1331.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendant reside and/or do business in the District of Nevada.  Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4.     PLAINTIFF is a natural person residing in Henderson, Nevada.

5.     PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3) and EFTA at 15 U.S.C. § 1693a(6).

6.     PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7.     ADVANCED CALL CENTER TECHNOLOGIES, LLC (hereinafter referred to as "DEFENDANT") is a LLC formed in the state of Georgia, the principal purpose of whose business is the collection of debts.

8.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

9.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10.    PLAINTIFF allegedly owes a consumer debt.

11.    In July of 2015, DEFENDANT began placing robo-calls to PLAINTIFF's phone number, in an attempt to collect a consumer debt.

12.    DEFENDANT has a policy of regularly harassing consumers by placing 5-6 calls a day in its collection campaigns.

13.    DEFENDANT called PLAINTIFF at least 92 times over 22 days, often placing between 5-6 calls a day.

14.    For examples, DEFENDANT called PLAINTIFF:

On 8/27/15, 5 times (at 8:18 am, 10:01 am, 11:38 am, 2:00 pm, 4:32 pm)

On 8/28/15, 6 times (at 8:28 am, 8:29 am, 10:01 am, 11:46 am, 1:59 pm, 4:32 pm)

On 8/29/15, 3 times (at 8:22 am, 10:52 am, 12:47 pm)

On 8/30/15, 2 times (at 11:46 am, 3:34 pm)

On 8/31/15, 5 times (at 8:22 am, 10:09 am, 11:44 am, 2:03 pm, 4:36 pm)

On 9/1/15, 6 times (at 8:23 am, 9:58 am, 10:33 am, 11:44 am, 2:13 pm, 4:33 pm)

On 9/2/15, 5 times (at 8:27 am, 10:09 am, 11:56 am, 2:24 pm, 4:29 pm)

On 9/3/15, 5 times (at 8:21 am, 10:03 am, 11:45 am, 1:53 pm, 4:30 pm)

On 9/4/15, 4 times (at 8:23 am, 10:06 am, 11:47 am, 4:28 pm)

On 9/5/15, 4 times (at 8:21 am, 10:43 am, 12:56 pm, 3:01 pm)

On 9/6/15, 2 times (at 12:28 pm, 6:45 pm)

On 9/7/15, 5 times (at 8:21 am, 9:57 am, 11:39 am, 2:37 pm, 5:47 pm)

On 9/8/15, 5 times (at 8:24 am, 10:02 am, 11:42 am, 2:37 pm, 4:43 pm)

On 9/9/15, 5 times (at 8:31 am, 10:38 am, 12:29 pm, 2:11 pm, 4:25 pm)

On 9/10/15, 5 times (at 8:25 am, 10:00 am, 11:52 am, 2:07 pm, 4:39 pm)

On 9/11/15, 5 times (at 8:21 am, 10:00 am, 11:33 am, 2:08 pm, 4:26 pm)

On 9/12/15, 3 times (at 8:52 am, 11:38, am, 2:41 pm)

On 9/13/15, 2 times (at 2:52 pm, 6:33 pm)

On 9/14/15, 5 times (at 8:21 am, 9:58 am, 11:38 am, 2:01 pm, 4:02 pm)

On 9/15/15, 4 times (at 8:19 am, 9:59 am, 11:42 am, 2:12 pm)

On 9/16/15, 5 times (at 8:30 am, 10:32 am, 12:30 pm, 2:20 pm, 4:26 pm)

On 9/17/15, 1 time (at 8:20 am)

15.     As a result of DEFENDANT's actions, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

16.     PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members suffered emotional distress and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## **CLASS ALLEGATIONS**

17.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 15 inclusive, above.

18.     These claims for relief are brought by PLAINTIFF individually and on behalf of the following class:

a.   A national class consisting of consumers who:

i.   Within one year prior to the filing of this action;

ii.   Received a harassing number of calls from DEFENDANT.

19.     Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

- 4 -

a.  DEFENDANT's collection practice is to place excessive calls to collect consumer debts.

b.  There are questions of law and fact common to the class that predominate over any questions affecting individual class members.

c.  The only issue related to the individuals of class is the identification of the individual consumers who received excessive calls from DEFENDANT, a matter capable of ministerial determination from the DEFENDANT'S records.

d.  PLAINTIFF'S claims are typical of those of the class members. All are based on the same facts and legal theories.

e.  PLAINTIFF will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

20.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

21.    If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

///

///

**CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692d(5)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY**
**AND ON BEHALF OF THE CLASS**

22.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23.      Pursuant to the FDCPA, a debt collector may not cause "a telephone to ring or [engage] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

24.      As set forth above, DEFENDANT called PLAINTIFF at least 92 times over a 22 day period, often calling as often as 5-6 times a day.

25.      DEFENDANT has a policy of regularly harassing consumers by calling 5-6 times a day, in an attempt to collect a consumer debt.

26.      As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages and is entitled to an award of statutory damages.

27.      It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor

**DEMAND FOR JURY TRIAL**

28.      Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)   For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)   For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)   For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1693k(a)(2)(B), of the amount not to exceed the lesser of $500,000.000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)   For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(5)   For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)   For any and all other relief this Court may deem appropriate.

DATED this 18th day of December 2015.

**GESUND & PAILET, LLC**

*Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (702) 851-2189
keren@gp-nola.com
*Attorneys for Plaintiffs*

- 7 -