UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VANESSA STPIERRE,<br><br>                Plaintiff,<br><br>vs.<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC,<br><br>                Defendant. | Case No. 2:15-cv-02415-JAD-NJK<br><br>ORDER<br><br>(Docket No. 23) |

       Pending before the Court is a Stipulated Protective Order (Docket No. 23), which the Court approved to facilitate discovery in this case. This order reminds counsel that there is a presumption of public access to judicial files and records. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

       The Court has adopted electronic filing procedures, and with a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records. The Clerk of the Court is required to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. LR IC 1-1(a). The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the Court's electronic filing procedures. *See* LR IA 10-4(a). That rule provides:

> Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal

> under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. _____)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

*Id.* Documents filed under seal are not accessible to the public.

The Court has approved the blanket protective order to facilitate discovery exchanges. But **there has been no showing, and the Court has not found, that any specific documents are secret or confidential**. The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180.[1] **All motions to seal must address the applicable standard and explain why that standard has been met**. The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met.

---

[1] The Ninth Circuit has clarified that the terms "dispositive" and "nondispositive" are not intended to be mechanical classifications. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). Instead, determining the applicable standard is premised on "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099.

1  To the extent the designating party does not believe the relevant standard for sealing can be met, it shall
2  indicate that the document may be filed publicly no later than four days after receiving notice of the
3  intended filing.  To the extent the designating party believes the relevant standard for sealing can be
4  met, it shall provide a declaration supporting that assertion no later than four days after receiving notice
5  of the intended filing.  The filing party shall then attach that declaration to its motion to seal the
6  designated material.  If the designating party fails to provide such a declaration in support of the motion
7  to seal, the filing party shall file a motion to seal so indicating and the Court may order the document
8  filed in the public record.[2]

9  **IT IS ORDERED** that counsel shall comply with the requirements of Local Rule 10-5(b), the
10 Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect
11 to any documents filed under seal.  <u>To the extent any aspect of the stipulated protective order may
12 conflict with this order or Local Rule IA 10-5, that aspect of the stipulated protective order is hereby
13 superseded with this order.</u>

14       DATED: June 30, 2016

16                                              _____
                                                NANCY J. KOPPE
17                                              United States Magistrate Judge

---

26   [2] In the event of an emergency motion, the above procedures shall not apply.  Instead, the movant
27 shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal
   within three days of its filing.  If the designating party fails to timely file such a declaration, the Court may
28 order the document filed in the public record.