# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VANESSA STPIERRE, | Case No. 2:15-cv-02415-JAD-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| ADVANCED CALL CENTER TECHNOLOGIES, LLC, et al., | (Docket No. 26) |
| Defendant(s). | |

Pending before the Court is the parties' stipulation to extend various deadlines in the scheduling order. Docket No. 26. Requests to extend deadlines in the discovery plan must "be supported by a showing of good cause for the extension." LR 26-4. The good cause inquiry focuses primarily on the parties' diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery cut-off exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. Stipulations made after the expiration of the subject deadline will not be granted unless the parties also demonstrate that their failure to act was the result of excusable neglect. LR 26-4.

Here, the parties filed their stipulation on June 30, 2016, seeking to extend several deadlines, including the initial expert witness disclosure deadline and the rebuttal expert witness disclosure deadline. *See* Docket No. 26 at 3. These deadlines expired on May 26, 2016, and June 24, 2016, respectively. Docket No. 20 at 2-3. The parties, however, fail to address – much less establish – excusable neglect. *See* Docket No. 26 at 2.

As to the remaining deadlines, the parties fail to establish good cause. Their showing consists of allegations that Plaintiff has not responded to Defendant's written discovery and Defendant has not responded to Plaintiff's second set of Interrogatories. Docket No. 26 at 2. The fact that the parties have not diligently conducted discovery undermines, not supports, their request for an extension. *See Coleman*, 232 F.3d at 1294-95.

Accordingly, the parties' stipulation, Docket No. 26, is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: July 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge